J-S72035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LANCE TYLER | : | |
| | : | No. 142 EDA 2017 |
| Appellant | | |

Appeal from the PCRA Order December 6, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1204071-2004

BEFORE:   BENDER, P.J.E., MUSMANNO, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:               **FILED NOVEMBER 15, 2017**

Appellant, Lance Tyler, appeals *pro se* from the order entered in the Court of Common Pleas of Philadelphia County, which dismissed his document entitled "Motion to Vacate Judgment of Sentence" under the auspices of the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, without an evidentiary hearing.  After a careful review, we affirm.

The relevant facts and procedural history are as follows: Following his conviction by a jury on two counts of aggravated assault and one count of possessing an instrument of crime, Appellant was sentenced on December 19, 2006, to an aggregate of 22½ to 45 years in prison.  Appellant filed a timely post-sentence motion, which the trial court denied on January 29, 2007.  He then filed a timely direct appeal, and we affirmed his judgment of sentence on January 31, 2008.  ***See Commonwealth v. Tyler***, 554 EDA 2007

_____
* Former Justice specially assigned to the Superior Court.

(Pa.Super. filed 1/31/08) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On July 30, 2008, Appellant filed a timely *pro se* PCRA petition, and the lower court appointed counsel. PCRA counsel filed a "no-merit letter" and a petition to withdraw pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Subsequently, despite being represented by counsel, Appellant filed a series of three *pro se* amendments in which he raised new claims. On April 22, 2010, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition without a hearing, and on May 6, 2010, Appellant filed a *pro se* response in which he again raised new claims. Further, on May 11, 2010, Appellant sent a packet of materials directly to the PCRA court, which, in turn, forwarded the packet to the Clerk of Courts. On June 2, 2010, the PCRA court denied Appellant's PCRA petition.

Appellant appealed to this Court, and on April 29, 2011, this Court vacated the PCRA court's order denying relief and remanded for a **Grazier**[1] hearing. We further directed that, should the PCRA court grant Appellant permission to proceed *pro se*, it should reinstate the order denying relief and allow Appellant to file a new *pro se* appeal. If the PCRA court determined that

---

[1] **Commonwealth v. Grazier**, 552 Pa. 9, 713 A.2d 81 (1998) (providing for a hearing to determine if an accused's request to proceed *pro se* is voluntarily, knowingly, and intelligently made).

Appellant did not wish to proceed *pro se*, this Court directed the PCRA court to appoint new counsel to represent Appellant on appeal. **See Commonwealth v. Tyler**, No. 1742 EDA 2010 (Pa.Super. filed 4/29/11) (unpublished memorandum).

On October 7, 2011, the PCRA court held a **Grazier** hearing and determined that Appellant wished to proceed *pro se*. Therefore, the PCRA court permitted Appellant to proceed *pro se*, permitted PCRA counsel to withdraw, and reinstated its order denying PCRA relief. Appellant appealed to this Court, and we affirmed on August 24, 2012. **Commonwealth v. Tyler**, 2870 EDA 2011 (Pa.Super. filed 8/24/12) (unpublished memorandum). On May 13, 2013, our Supreme Court denied his petition for allowance of appeal.

On December 15, 2015, Appellant filed a *pro se* document entitled "Motion to Vacate Judgment of Sentence," which the Clerk of Courts filed as a PCRA petition. On January 15, 2016, Appellant filed a *pro se* request for a correction of the docket entry, indicating that his December 15, 2015, filing was not a PCRA petition.[2] Notwithstanding Appellant's contention, concluding Appellant's *pro se* document should be treated under the auspices of the PCRA, on June 2, 2016, the PCRA court filed an order indicating its intent to dismiss the petition without an evidentiary hearing pursuant to Pa.R.Crim.P. 907. On

---

[2] On May 26, 2016, Appellant filed a notice of appeal to this Court, indicating that he was appealing from the "order entered in this matter on the 29th of January, 2007." On November 22, 2016, this Court quashed Appellant's appeal.

- 3 -

June 14, 2016, Appellant filed a *pro se* response, and on December 6, 2016, the PCRA court dismissed Appellant's December 15, 2015, petition. This timely appeal followed. The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement; however, the PCRA court filed a Pa.R.A.P. 1925(a) opinion indicating it dismissed Appellant's petition on the basis it was untimely filed.

At the outset, we address Appellant's first claim, that the lower court erred in treating his *pro se* document entitled "Motion to Vacate Judgment of Sentence" under the auspices of the PCRA.

The PCRA provides: "The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus[.]" 42 Pa.C.S.A. § 9542. Thus, where a petitioner's claim is cognizable under the PCRA, regardless of the title given to the petition, the court must analyze the petition under the PCRA. ***Commonwealth v. Taylor***, 65 A.3d 462 (Pa.Super. 2013).

In his *pro se* document entitled "Motion to Vacate Judgment of Sentence," Appellant contended the following: the trial court imposed an illegal sentence in violation of 18 Pa.C.S.A. § 906, relating to multiple convictions of inchoate crimes barred; the evidence was insufficient to sustain his conviction on two counts of aggravated assault; the trial court utilized an improper offense gravity score in imposing sentence; and the trial court

- 4 -

abused its discretion in imposing sentences, which deviated from the Sentencing Guidelines.

Moreover, in his *pro se* response to the PCRA court's Pa.R.Crim.P. 907 notice, Appellant argued the following: the lower court should consider the December 15, 2015, petition under the trial court's inherent jurisdiction to correct an illegal sentence; and the Clerk of Courts failed to make a proper docket entry indicating it had provided Appellant with notice of the trial court's January 29, 2007, order denying his post-sentence motions, thus extending the time period in which he could file a direct appeal.

We conclude Appellant's claims fall under the auspices of the PCRA. ***See generally Commonwealth v. Jackson***, 30 A.3d 516 (Pa.Super. 2011). Accordingly, the lower court properly treated Appellant's "Motion to Vacate Judgment of Sentence" as a PCRA petition.

With regard to petitions filed under the PCRA, as this Court has observed:

> The filing mandates of the PCRA are jurisdictional in nature and are strictly construed. The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary. An untimely petition renders this Court without jurisdiction to afford relief.

***Taylor***, 65 A.3d at 468 (citations omitted). Thus, at this juncture, we must determine whether Appellant's December 15, 2015, petition was timely filed under the PCRA.

The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1).  A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

Three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1).  To invoke an exception, a petition must allege and the petitioner must prove:

> (i)  the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;
>
> (ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies."  **Commonwealth v. Marshall**, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted).

- 6 -

In the case *sub judice*, Appellant was sentenced on December 19, 2006, and this Court affirmed his judgment of sentence on January 31, 2008. Appellant did not file a petition for allowance of appeal with our Supreme Court. Accordingly, his judgment of sentence became final on Monday, March 3, 2008, when the thirty-day time period for filing a petition for allowance of appeal with our Supreme Court expired.[3] **See** 42 Pa.C.S.A. § 9545(b); Pa.R.A.P. 1113. However, Appellant did not file the instant PCRA petition until December 15, 2015, clearly more than one year from when the underlying judgment became final, and thus, it is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1).

With regard to the timeliness exceptions, Appellant has not attempted to invoke any of them. Rather, he argued below, and continues to argue on appeal, that his *pro se* "Motion to Vacate Judgment of Sentence" does not fall under the auspices of the PCRA. As indicated *supra*, Appellant is mistaken in this regard.[4]

---

[3] The thirtieth day fell on Saturday, March 1, 2008, and thus, Appellant had until Monday, March 3, 2008, in which to file a petition for allowance of appeal. **See** 1 Pa.C.S.A. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on a Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation).

[4] To the extent Appellant suggests his sentence is illegal, and thus not subject to the PCRA's time restrictions, we note that our Supreme Court has specifically held that "[a]lthough legality of sentence is always subject to review within the PCRA, [legality of sentencing] claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Fahy**, 558 Pa. 313, 737 A.2d 214, 223 (1999).

For all of the aforementioned reasons, we conclude Appellant's instant PCRA petition is untimely and Appellant has not established any of the timeliness exceptions to the PCRA time-bar. Thus, we affirm the PCRA court's dismissal of the petition.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2017